# Shultz's Estate.

*Auditor—Findings of fact—Pedigree—Review.*

1. An auditor's findings of fact on a question of pedigree when based upon competent evidence and confirmed by the orphans' court will not be reversed by the appellate court in the absence of manifest error.

*Decedents' estates—Wrongful distribution—Absent heir—Practice, O.C.*

2. Where distribution of a decedent's estate has been made promptly at the end of the year from the death of decedent by an auditor among collateral kin, and shortly thereafter a boy thirteen years old who was born in a distant state where he always resided, appears as the heir of the decedent, and by his guardian demands that the confirmation of

the auditor's report be set aside and the discharge of the administrator and his bondsman be revoked, and an agreement is made among the parties to this effect, and to recommit the question of distribution to the auditor, the administrator cannot complain of a decree directly against him, before every available remedy has been exhausted against the collateral kin among whom the estate had been distributed.

Argued March 11, 1911. Appeal, No. 11, March T., 1911, by David C. Shultz, administrator, from decree of O. C. Adams Co., Jan. T., 1910, No. 1, dismissing exceptions to auditor's report in estate of Henry Shultz, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of J. L. Butt, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Chas. S. Duncan* and *John D. Keith,* for appellants.— It is necessary for one claiming as heir not only to show his relationship with the deceased, but also that no other relatives exist to impede the descent to him: Goldwater v. Burnside, 22 Wash. 215 (60 Pac. Repr. 409); Clement's Est., 2 Pa. Dist. Rep. 341; Winder v. Little, 1 Yeates, 152; Sheehan's Est., 139 Pa. 168; Dundas' Est., 213 Pa. 628; Exton v. Zule, 14 N. J. Eq. 501.

Assuming that the evidence was sufficient to establish the claim of Willis Shultz as sole heir of the decedent, the court erred in not exhausting every available remedy against the distributees before calling upon the administrator to pay over the fund in the first instance: Robin's Est., 180 Pa. 630; Bear's Est., 9 Pa. Superior Ct. 492; Kunkle's Est., 21 Pa. Superior Ct. 200; Piper's Est., 208 Pa. 636; Russell's App., 34 Pa. 258; Koch's Est., 4 Rawle, 268; Schaeffer's App., 119 Pa. 640; Ferguson v. Yard, 164 Pa. 586; Sharp's App., 3 Grant (Pa.), 260; Mellon's App., 32 Pa. 121; Stineman's App., 34 Pa. 394; Stewart's

App., 86 Pa. 149; Charlton's App., 88 Pa. 476; Kittera's Est., 17 Pa. 416; Gallagher's App., 89 Pa. 29; Sutter's Est., 23 W. N. C. 68; Williams v. Gibbes, 58 U. S. 239; Adams v. Adams, 46 N. J. Eq. 298 (19 Atl. Repr. 14).

*J. Donald Swope*, for appellee.—Under these facts we respectfully contend that the decree of distribution was a nullity so far as the interests of the minor were concerned: White's Est., 163 Pa. 388.

Opinion by Henderson, J., April 17, 1911:

The appellant objects to the decree entered in this case on two grounds. The first is that the evidence was not sufficient to support the conclusion of the auditor that Willis Shultz is the son and sole heir of the decedent. The finding of the auditor on this subject was approved by the court and the decree arrived at will not be disturbed where there is evidence on which it could be based. That there is such evidence in this case cannot be doubted. The testimony of the son and of his mother are both direct and clear and there is no substantial ground for a contention that there was not a sufficient identification of the decedent. The second interrogatory propounded to Mrs. Flemming was, "State whether or not you were acquainted with Henry Shultz, deceased, late of Cumberland township, Adams County, Pa.?" To this interrogatory the witness replied, "Yes, I was. He was my husband." She further testified that she married him at Clarence, Shelby county, Mo., in November, 1892, and that she obtained a divorce from him at Wichita, in Sedgwick county, Kansas, in 1896, and that Willis Shultz, the appellee, was their only child and that he was born May 13, 1893. The witness also stated where her husband was born and where he lived before she married him. The description is sufficiently definite to establish the relation of the claimant to the decedent, and as there was no evidence in contradiction the fact is as well established as is ordinarily done in such cases.

The second objection to the decree is that, assuming that the evidence was sufficient to establish the claim of Willis Shultz as sole heir of the decedent, the court erred in not exhausting every available remedy against the distributees before calling upon the administrator to pay over the fund in the first instance. This proposition has reference to the fact that there was a former distribution made by the same auditor and an award to collateral heirs on the assumption that the son of the decedent was dead. Whatever merit there might be in the position taken by the appellant if the decree of distribution had been set aside by the court against the objection of the accountant he is not in a situation now to complain, for when the appellee appeared by his guardian and made application to the court to vacate the order confirming the auditor's report an agreement was entered into between the attorneys who represented him and the attorney who appeared for the appellee, wherein it was stipulated and agreed "that the court make an order setting aside the confirmation of the auditor's report in the above estate and revoking the discharge of the administrator and his bondsmen and that the matter be referred back to J. L. Butt, Esq., as auditor, to make distribution after giving notice to all parties in interest." In accordance with this agreement the case was again referred to the auditor who in his second report awarded the fund to the son of the decedent to the exclusion of the collateral heirs. The effect of the agreement referred to was to recommit the question of distribution to the auditor and to set the proceeding back to the place where it was taken up by the auditor in the first instance. He was authorized by the agreement to make distribution and that, of course, implies distribution to the heir or heirs on whom the law cast the estate and, the fact of a living son having been ascertained, it followed as a matter of course that the fund was adjudged to him rather than to the nephews and nieces of the decedent. The thing is accomplished which the agreement for resubmission to the auditor authorized and the result is the only one which

could have been arrived at under the evidence. We have not before us the testimony on which the auditor determined in the first hearing that there was a presumption of the death of the decedent's son because he had not been heard from for seven years, but as the son never lived in Pennsylvania and had his home with his mother in the state where he was born and was only about thirteen years of age at the time of his father's death it is not difficult to understand that he had not been heard from by the collateral heirs; but the place where his absence is to be taken account of is his home or the place where he customarily stayed rather than a locality far distant in which he never had been. The decedent died on January 16, 1906; letters of administration were issued on his estate six days later and on December 15 of the same year a final account was filed in the orphans' court which was confirmed January, 1907, and at that time the auditor was appointed to make distribution of the balance in the hands of the administrator. It will be seen that no time was lost in closing up the estate and distributing it among the collateral heirs. The appellee had no notice of this proceeding but appeared through a guardian appointed in March, 1908, and took the necessary steps to set aside the decree. The accountant had information that a son of the decedent had lived in the west, but a guardian was not appointed to represent his interests and he was therefore not heard in the proceeding. The learned judge of the orphans' court was not in error in granting the relief asked for and in awarding the fund to the appellee. And in view of the agreement of resubmission to which the accountant was a party there is no ground of complaint against the action of the court.

The decree is affirmed.